## SETTLEMENT AGREEMENT AND
## FULL AND FINAL RELEASE OF CLAIMS

**THIS SETTLEMENT AGREEMENT** (the "Agreement") is entered into on October ___, 2017, by and between defendant DRUG ABUSE FOUNDATION OF PALM BEACH COUNTY, INC., a not for profit Florida corporation, (hereinafter referred to as DAFPBCI) and plaintiff NATASCHA REED (hereinafter referred to as "REED"), (collectively, the "Parties").

WHEREAS, REED was formerly employed by DAFPBCI; and,

WHEREAS, REED filed a complaint against DAFPBCI in a case pending in the United States District Court for the Southern District of Florida, Case No.16-81437-CIVMARRA/MATTHEWMAN (the "Civil Action"), wherein she is claiming unpaid overtime and minimum wages under the Fair Labor Standards Act; and

WHEREAS, DAFPBCI disputes the allegations of the civil action, and denies that Reed is owed any unpaid wages for any reason, or that REED has any basis in fact for any legal claim against DAFPBIC for any reason; and

WHEREAS, both parties understand the risks of not prevailing by proceeding to a jury trial and also understand the costs and attorney's fees to be incurred by proceeding to trial, and both parties want to avoid the risks of financial liability and expenses that a jury trial would present; it is,

THEREFORE agreed, that in consideration of the premises and of the mutual covenants and promises, hereinafter provided, and of the actions taken pursuant thereto, by and between the parties as follows:

1.    **Recitals:** All of the foregoing recitals are true and correct and incorporated herein by reference.

2.    **Non-Admission of Liability/Wrongdoing:** This Agreement shall not in any way be construed as an admission by DAFPBCI that they or any of their agents or representatives have acted wrongfully in violation of the common law or in violation of any federal, state, local or foreign statute or regulation. DAFPBCI denies liability and has denied liability from the outset of the Civil Action. However, DAFPBCI determined that the cost of trial and appellate proceedings would exceed the cost of settlement. Thus, DAFPBCI has made the business decision to settle the claims by REED.

3.    **Reservation of Jurisdiction:** The Parties agree that any motion seeking dismissal of the lawsuit shall seek the Court's reservation of jurisdiction to enforce the terms of this settlement agreement.

4.    **Settlement Payment:** Within 10 days of approval of this settlement by the court and the entry of an order of dismissal of REED's claims, DAFPBCI shall remit payments to plaintiff's counsel as follows:

**EXHIBIT A**

a) $533.50 payable to REED as wages. This payment shall be subject to appropriate withholdings, and REED may be issued a W-2 by DAFPBCI for this calendar year;

b) $533.50 payable to REED as liquidated damages. For these liquidated damages, REED shall be issued a Form 1099 by DAFPBCI for this calendar year;

c) $1,933.00 payable to Koz Law, P.A., 320 S. E. 9thStreet, Fort Lauderdale, for REED's compromised attorney's fees and costs, for which a Form 1099 will be issued to Koz Law, P.A. by DAFPBCI for this calendar year.

5. These payments will serve as full and final settlement and in satisfaction of any and all claims REED has, had, or may have against DAFPBCI, including, but not limited to, any and all claims for compensation of any kind, compensatory damages, liquidated damages, regular wages, overtime wages, punitive damages and/or all claims for attorneys' fees and costs.

5. **Mutual General Releases:**

a) In consideration of the promises contained in this Agreement plus other good and sufficient consideration including but not limited to the settlement payments in paragraph 3 of this Agreement, the receipt of which is hereby acknowledged, REED, for herself, her heirs, executors, administrators, representatives, attorneys, successors and assigns, hereby releases DAFPBCI and any affiliates, predecessors, successors and assigns, and all their present and former officers, directors, employees, stockholders, agents, representatives, attorneys and accountants, from all claims or causes of action whatsoever, known or unknown, including all claims which were alleged or could have been alleged in the Civil Action against DAFPBCI, or which involve in any way REED's employment with DAFPBCI, DAFPBCI's payments to REED while she was employed by DAFPBCI, REED's dealings with DAFPBCI, or any other claims against DAFPBCI which REED has, had or may have and which arose from the beginning of the world to the date of this Agreement. The claims being released include, but are not limited to, any and all claims for wages, overtime, minimum wage or any other form of compensation and for retaliation pertaining to employment practices prohibited under federal, state or local law, and include, without limitation, claims arising under or for alleged violations of: Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, 42 U.S.C. §2000 *et. seq.;* 42 U.S.C. §§1981, 1983, 1986 and 1988; The Age Discrimination in Employment Act (ADEA); The Americans with Disabilities Act; 42 U.S.C. § 12101, *et. seq.;* The Equal Pay Act of 1963, as amended; The Fair Labor Standards Act, *as* amended; the Family and Medical Leave Act, The Employee Retirement Income Security Act of 1974, Federal Common Law; The National Labor Relations Act; The Florida Civil Rights Act of 1992, as amended; The Florida Equal Rights Law, as amended; The Florida General Labor Regulations, *as* amended, Workers' Compensation; Tort; Wrongful discharge; Tortious interference with contractual relations, Whistleblower actions, or the common law of the State of Florida, including but not limited to breach of contract (whether written or oral), promissory estoppel, intentional infliction of emotional distress, defamation, and negligent supervision or retention, or claims for attorneys' fees and costs.

**EXHIBIT A**

b)      In consideration of the promises contained in this Agreement plus other good and valuable consideration, the sufficiency of which is hereby acknowledged, DAFPBCI hereby remises, releases, acquits, satisfies, and forever discharges REED of and from any and all manner of action and actions, cause and causes of action, suits, debts, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, variances, trespasses, damages, judgments, executions, claims and demands whatsoever, in law or in equity which DAFPBCI ever had, now has, or which any personal representative, successor, heir or assign of DAFPBCI hereafter can, shall, or may have, against REED, from the beginning of the world to the day of these presents.

7.      **Known and Unknown Claims**: For the purpose of implementing a full and complete release and discharge, the Parties expressly acknowledge that this Agreement and the General Releases included therein are intended to include in their effect, without limitation, all claims in the Civil Action and all claims of which the Parties are aware, or reasonably should be aware, at the time of execution hereof; and that this Agreement contemplates the extinguishment of any and all such claims or actions.

8.      **No Pending Claims or Charges**: REED represents and warrants that she has neither filed nor made any claims, charges, complaints, or actions of any type, whether legal, equitable, or administrative, against DAFPBCI or any other individual or entity released by this Agreement other than the Civil Action settled herein. REED represents and warrants that no such claims, charges, complaints, or actions are currently pending, except for the Civil Action settled herein.

9.      **Liability of Breaching Party**: Attorneys' Fees and Costs:

In the event any attorney is employed by any Party to this Agreement with regard to any legal action, arbitration or other proceeding brought by any Party to this Agreement for the enforcement of this Agreement, or because of an alleged dispute, breach, default or misrepresentation in connection with any of the provisions of this Agreement, then the prevailing Party, whether at trial or upon appeal, and in addition to any other relief to which the prevailing Party may be granted, shall be entitled to recover from the losing Party a reasonable sum for attorney fees and costs incurred by the prevailing Party in bringing or defending such action, arbitration, or proceeding, and in enforcing any judgment granted therein, all of which shall be deemed to have accrued upon the commencement of such action and shall be paid whether or not such action is prosecuted to judgment.

10.     **Indemnification Agreement:** REED agrees to be responsible for her properly-incurred tax liability as a result of receiving taxable income pursuant to this agreement. payment to REED or her counsel or for the failure of DAFPBCI to withhold any state, federal, and/or Social Security taxes from said amount.

11.     **Non-Disparagement:** The Parties agree not to disparage each other.

12.     **Construction:** The Agreement shall be deemed as a joint work product of all Parties and their respective counsel, and all Parties shall be considered the drafters of this

**EXHIBIT A**

Agreement. Any rule of construction to the effect that any ambiguities are to be construed against the drafting party shall not be applicable in any interpretation of this Agreement.

13.   **Captions:** The captions of the provisions herein are intended for convenient reference only, and the same shall not be, nor be deemed to be, interpretative of the contents of such provision.

14.   **Integration:** This Agreement sets forth the entire agreement between the Parties hereto, and fully supersedes any and all prior agreements or understandings, whether written or oral, between the Parties hereto pertaining to the subject matter hereof.

15.   **Validity of Agreement:** Except for section 4 above, if, for any reason whatsoever, any one or more of the provisions of this Agreement shall be held or deemed to be inoperative, unenforceable or invalid by a court of competent jurisdiction in a particular case or in all cases, such circumstances shall not have the effect of rendering such provision invalid in any other case or rendering any other provisions of this Agreement inoperative, unenforceable or invalid. This Agreement may be signed separately and the signature pages combined to complete a binding contract. The Parties agree that copies and PDF and telefax copies shall be treated as originals unless a genuine issue is raised about their authenticity or genuineness within three business days of receipt. Moreover, REED acknowledges that he has been advised in writing to consult with an attorney before signing this Agreement; and that they have been afforded a reasonable opportunity to consider the terms of this Agreement and the General Release contained herein.

*REED declares that she has completely read this Agreement, has consulted with her attorney prior to executing this Agreement, fully understands the terms and contents and freely, voluntarily, and without coercion, enters into this Agreement. Further, REED agrees and acknowledges that she knowingly and voluntarily waives and releases her rights in exchange for the consideration set forth herein and that it shall be a breach of this Agreement for REED to institute any action or to recover any damages which would be in conflict with or contrary to this acknowledgment.*

IN **WITNESS WHEREOF**, the undersigned Parties, have executed this Agreement.

NATASCHA REED                     DATE

Alton Taylor, Chief Executive Officer                     DATE
DRUG ABUSE FOUNDATION OF PALM BEACH COUNTY, INC.
400 South Swinton Ave.
Delray Beach, FL 33444

**EXHIBIT A**